IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| KRISTI KESEL BRITT § | |
| § | |
| vs. § | |
| § | CIVIL ACTION NO. 2:23-cv-319 |
| NUECES COUNTY; § | JURY TRIAL |
| JAMES D. GRANBERRY, *In His Official* § | |
| *Capacity*; and NUECES COUNTY § | |
| DISTRICT ATTORNEY'S OFFICE § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

**NOW COMES** Kristi Kesel Britt (hereinafter "Britt" or "Plaintiff"), filing this *Plaintiff's Original Complaint*, complaining of Nueces County, James D. Granberry, *in his Official Capacity* ("Granberry") and Nueces County District Attorney's Office (all collectively referred to as "Defendants"), and showing in support of same as follows:

## I.
## PRELIMINARY STATEMENT

1. This is an employment discrimination and retaliation case. Britt brings this action to correct unlawful employment practices by Defendants pursuant to 42 U.S.C. §1983, which provides redress for the deprivation, under color of state law, of any rights, privileges, or immunities secured by the Constitution and laws of the United States of America. Defendants' wrongful acts and omissions violated Britt's constitutional rights under the First and Fourteenth Amendments to the United States Constitution.

2. Britt, who is still in the employ of Defendants, is currently running for the office of Nueces County District Attorney and had publicly announced such intention in January of 2023. As alleged with greater particularity below, Britt complains that Defendants discriminated against her by

retaliating against her for exercising her First Amendment right to speak freely on a matter of public concern by campaigning for Nueces County District Attorney. After Granberry was appointed by the Governor for the State of Texas as the interim District Attorney in Nueces County, Britt became the target of a vindictive and immediate campaign of retaliation and punishment because of such candidacy, even though Britt announced her desire to run for office well prior to both Granberry's announcement to run for same and his application and acceptance of the appointment as interim District Attorney.

## II.
## PARTIES

3. Plaintiff is a female citizen of the United States and a Texas resident, who resides in Nueces County, Texas.

4. Nueces County, Texas, is a political subdivision of the State of Texas and may be served with summons upon Nueces County Judge Connie Scott, at 901 Leopard Street, Room 303, Corpus Christi, Texas 78401.

5. James D. Granberry is an individual who resides in Nueces County, Texas, and may be served with summons at his place of employment, NUECES COUNTY DISTRICT ATTORNEY'S OFFICE at 901 Leopard Street, Room 206, Corpus Christi, Texas 78401.

6. Nueces County District Attorney's Office is a political subdivision of the State of Texas, County of Nueces and may be served with summons upon Interim District Attorney, James D. Granberry at NUECES COUNTY DISTRICT ATTORNEY'S OFFICE, 901 Leopard Street, Room 206, Corpus Christi, Texas 78401.

# III.
# JURISDICTION, VENUE & CONDITIONS PRECEDENT

7. Jurisdiction over Britt's constitutional claims is provided by 42 U.S.C. §1983 and conferred on this Court by 28 U.S.C. §1343(a)(3). Federal question jurisdiction is also conferred on this Court by 28 U.S.C. §1331 because this action arises under the Constitution and laws of the United States.

8. Defendants were substantially in control of the terms of Plaintiff's work and were Plaintiff's employer as defined by 29 U.S.C. §203(d).

9. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391 (b) and (c) because a substantial part of the events or omissions giving rise to the claims herein occurred in said district. Additionally, Defendants are residents of and are doing business in said district.

# IV.
# FACTS

10. Whenever in this complaint it is alleged that any Defendant did any act, thing, and/or omission, it is meant that Defendants and/or Defendants' officers, agents, servants, employees or representatives did such act, thing and/or omission and that at the time it was done with full authorization and/or ratification of Defendant(s).

11. Britt is a dedicated public servant who is devoted to serving her community. She has successfully worked her way through the ranks of the Nueces County District Attorney's Office and was serving in her role as the Chief of Intake when she was cruelly and viciously demoted a mere few days after Granberry was appointed into office for no other reason than Britt was running for said office.

12. Britt began working as an Assistant District Attorney ("ADA") for the Nueces County District Attorney's Office in or about December of 2019, as a misdemeanor prosecutor, where she

hit the ground running. Less than one year later, Britt was promoted as a felony prosecutor, where she eventually earned the esteemed position as a lead prosecutor in the department's Child Protection Unit. From there, in or about May 2023, Britt was promoted to Chief of Intake, where she supervised felony and misdemeanor cases, including those in specialized units, such as the Child Protection Unit, the Violent Crime and Gang Unit, as well as the Juvenile Division. Since beginning her career with the District Attorney's office, Britt has successfully prosecuted hundreds of cases and never been disciplined or written-up. Additionally, she has never had a conviction overturned.

13. On or about January 31, 2023, Britt announced her candidacy for the office of Nueces County District Attorney and launched her campaign by filing her appointment for her campaign treasurer with Nueces County.[1]

14. In Texas, when an elected District Attorney resigns, it is up to the office of the Governor of Texas to appoint an Interim District Attorney. Multiple candidates applied for that appointment, including Britt and Granberry. On October 6, 2023, the Governor's office announced that the appointment had gone to Granberry, who was sworn in by Nueces County Judge Connie Scott on the same day. Granberry then appointed Michael Gordon ("Gordon") as his First Assistant.

15. On or about October 10, 2023, Britt was told by Granberry that she could not work in the District Attorney's office because she is running against him for District Attorney. Britt was told that she must either accept a demotion (which came with a relocation, a significant reduction in pay and being relinquished of any felony case duties) or her employment would be terminated – unless she made the decision to "give up the campaign and get on the Jimmy train."

---

[1] Granberry did not file his appointment for campaign treasurer until on or about November 1, 2023.

16. As a result, Britt was (and is) heartbroken over losing a position that she earned and worked tirelessly to achieve. Knowing that her position was already being posted as open, on October 23, 2023, Britt was provided documentation that effectuated her demotion to Felony Attorney V, with her pay group being lowered from 41 to 37 (resulting in an annual decrease in salary of over $20,000.00).

17. As of the date of the filing of this complaint, the Nueces County District Attorney's Office upper management leadership team consists of only men: Michael Gordon as the First Assistant, Steve Schiwetz as Chief of Intake, Frank Ericco as Felony Chief, Doug Norman as Chief Appellate and William Cafferata as Chief of Misdemeanor.

## V.
## CAUSE OF ACTION
**Unconstitutional Retaliatory Employment Action in Violation of 42 U.S.C. § 1983**
**(Against All Defendants)**

18. As set forth in the preceding paragraphs, Britt was demoted in retaliation for exercising her right to freely speak on a matter of public concern in violation of the First Amendment to the United States Constitution made applicable to the Defendants by the Fourteenth Amendment for which redress is provided by 42 U.S.C. §1983.

19. Specifically, Britt was told she must either accept a demotion or she would be fired if she did not quit and give up on running for Nueces County District Attorney. She was told to "give up the campaign and get on the Jimmy train." Britt is campaigning as a private citizen and not within the scope of her duties as an ADA.

20. As might normally be done, Britt was not even given a "pretext" for her demotion. Rather Granberry and Gordon told Britt directly that she was being demoted because she was running against Granberry for District Attorney. The reasons relied upon by Defendants as a basis for Britt's demotion create an unconstitutional basis for which Nueces County personnel can be

terminated/demoted when speaking publicly on matters of public concern.

21. Granberry, acting in his official capacity on behalf of Nueces County and the District Attorney's Office, possessed final decision-making authority for Defendants. Granberry made a determination to terminate Britt unless she accepted a demotion and transfer in retaliation for exercising her First Amendment right to speak freely on a matter of public concern by campaigning for Nueces County District Attorney as a private citizen.

22. The retaliatory employment decision was made with deliberate indifference to Britt's constitutional rights and was the moving force behind the violation of Britt's First Amendment rights.

## VI.
## DAMAGES

23. As a result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer damages in the form of lost back wages, lost future wages, compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

24. Defendants' wrongful acts and omissions set out above, jointly and severally, have proximately caused Britt substantial damages including severe emotional distress, personal humiliation, mental pain and suffering, embarrassment, lost income, and damage to reputation. Defendants' acts and omissions complained of herein were wanton, malicious, and done with the specific intent to deprive Britt of her rights and the specific intent to cause substantial injury to Britt, rendering appropriate the award of punitive damages against individual Defendant Granberry in his individual capacities.

25. Said injuries have caused Plaintiff to incur special damages.

26.     Defendants engaged in discrimination, harassment and created a hostile workplace environment in connection with compensation, terms, conditions and/or privileges of employment with malice and/or reckless indifference to Plaintiff's rights. Plaintiff is thus entitled to exemplary damages.

27.     Plaintiff is entitled to recover from Defendants, a reasonable fee for the performance of necessary legal services in the preparation and prosecution of this action in the trial court as well as a reasonable fee for legal services performed on appeal.

28.     Plaintiff further prays for all costs and attorney fees associated with bringing the present case to trial.

29.     In addition, Plaintiff prays for punitive damages against Defendants. Punitive damages are designed to punish and deter persons/entities such as Defendants who have engaged in egregious wrongdoing.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that this Honorable Court allow her to recover the following:

   a. Enter judgment for punitive damages against Interim Nueces County District Attorney Defendant James Granberry, in his individual capacity, sufficient to punish Defendant Granberry for his misconduct in the case at bar and in an amount sufficient to deter Defendant Granberry and others from doing the same thing to Plaintiff or someone else in the future;
   b. all direct damages;
   c. consequential and incidental damages, which may include the value of lost income, lost salary income for past and future employment, and whatever else may be proven during the course of litigation;
   d. compensatory and non-compensatory damages, whether general or special, in an amount deemed sufficient by a trier of fact;
   e. restoration to her former position and/or comparable one (including pay);
   f. an additional sum representing the present value of unaccrued wage payments, front pay, and all other compensation due to Plaintiff for the period following the date of judgment, calculated as of the date of judgment;
   g. an award for past and future mental anguish;
   h. attorney fees in a reasonable amount together with conditional awards in the event of appeal;
   i. court costs, including the costs of litigation;

j. because of the callous, willful, recklessly indifferent, malicious, wanton, grossly negligent and/or intentional conduct or acts of Defendants, Plaintiff seeks exemplary damages;
k. pre-judgment interest and post judgment interest, at the maximum rate as allowed by law; and
l. any other relief that the Court deems necessary and just.

Respectfully submitted,

GALE LAW GROUP, PLLC
525 Clifford Street
Corpus Christi, Texas 78404
Mailing Address:
P.O. Box 2591
Corpus Christi, Texas 78403
Telephone: (361)808-4444
Telecopier: (361)232-4139

By: /s/*Christopher J. Gale*
Christopher J. Gale
Southern District Bar No. 27257
Texas Bar No. 00793766
Email: Chris@GaleLawGroup.com
*Attorney-In-Charge for Plaintiff*
By:/s/ *Amie Augenstein*
Amie Augenstein
Southern District Bar No. 2236723
Texas Bar No: 24085184
Email: Amie@GaleLawGroup.com
*Attorney for Plaintiff*

**Demand for Jury Trial**

Plaintiff hereby demands trial by jury pursuant to Fed. R. Civ. P. 38(b).