Case 2:23-cv-00319   Document 13   Filed on 01/30/24 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
January 30, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| KRISTI KESEL BRITT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:23-CV-00319 |
| | § | |
| NUECES COUNTY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ON MOTION TO DISMISS

Plaintiff Kristi Kesel Britt (Britt) filed this action against Defendants Nueces County, Texas, James D. Granberry in his official capacity (Granberry), and the Nueces County District Attorney's Office[1] for employment retaliation based on her First Amendment exercise of free speech. D.E. 1. Before the Court is Defendants' Motion to Dismiss (D.E. 4) under Federal Rule of Civil Procedure 12(b)(6), arguing that Britt's allegations negate her claim. More specifically, as an assistant district attorney, Britt did not have First Amendment protections against a politically-motivated adverse employment action.[2] Plaintiff has responded (D.E. 12), arguing that Defendants' position is not

---

[1] The Nueces County District Attorney's Office is a nonjural entity. *See Barrie v. Nueces Cnty. Dist. Atty's Off.*, 753 F. App'x 260, 264 (5th Cir. 2018). Because the claim may be dismissed on its merits, the motion to dismiss does not specifically address this issue.

[2] Defendants also assert the defense of qualified immunity on behalf of Defendant Granberry in his individual capacity. Plaintiff has disclaimed any intention to sue Granberry in his individual capacity. D.E. 12, p. 1 n.1. Therefore, any claim against Defendant Granberry in his individual capacity is **DISMISSED** and the motion to dismiss (D.E. 4) is **DENIED IN PART AS MOOT** with respect to the claim of qualified immunity.

supported by the law and that her employment is entitled to First Amendment protection through changing political winds. For the reasons set out below, the motion is **GRANTED**.

## STANDARD OF REVIEW

The test of pleadings under Rule 12(b)(6) is devised to balance a party's right to redress against the interests of all parties and the court in minimizing expenditure of time, money, and resources. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). Factual allegations are taken as true, even if doubtful. *Twombly*, 550 U.S. at 555. However, if some allegations negate the claim on its face, then the pleading does not survive the Rule 12(b)(6) review. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

## FACTS

The Court accepts the following facts as true under the standard of review. Since 2019, Britt has worked as a prosecuting attorney—as Assistant District Attorney for Nueces County. D.E. 1, ¶ 12. At all times, Britt had a spotless employment record. *Id.*, ¶ 12. On January 31, 2023, Britt announced her candidacy for district attorney after the prior district attorney resigned. *Id.*, ¶ 13.

On October 6, 2023, the Governor appointed Defendant Granberry to fill the empty position of district attorney. *Id.*, ¶ 14. On October 10, 2023, Granberry gave Britt the choice of giving up her candidacy and supporting Granberry or suffer either a demotion (including a reduction in pay and restriction to misdemeanor cases) or termination. *Id.*, ¶

15. On October 23, 2023, Britt was demoted, consistent with Granberry's prior threat. *Id.*, ¶ 16.

## DISCUSSION

### A. Suitability of a Rule 12 Disposition

Britt argues that the issue Defendants pose—whether she was a policymaker exempt from the First Amendment's protection against patronage dismissals—is a case-specific issue that requires an evidentiary balance that is not appropriate for decision on the pleadings, alone. According to Britt, evidence is required so that the Court may apply the *Pickering*[3] balancing test "between the employee's speech and associational rights as citizen and the state's right as an employer to loyal and efficient service." D.E. 12, p. 5 (quoting *McBee v. Jim Hogg Cnty.*, 730 F.2d 1009, 1014 (5th Cir. 1984)).

This may be the case where there are questions regarding exactly how much policymaking the employee does or how much the employee's political position affects the efficiency of the government office. In *McBee*, the affected employee was a sheriff's deputy. It is not clear, without evidence, how a sheriff's deputy can impede the policymaking efforts of the sheriff. Here, the issue is not so opaque. The operative facts and the law are clear.

Therefore, the Court rejects Britt's argument that the motion is improper and proceeds to adjudicate the merits of Defendants' motion at the pleading stage under Rule 12(b)(6).

---

[3] *Pickering v. Bd. of Educ.*, 391 U.S. 563 (1968).

**B. Assistant District Attorneys Are Exempt from First Amendment Protection**

Under the general rule, an employee is exempt from First Amendment protection from patronage actions where she occupies a position that exercises policymaking powers of the employer. *See Aucoin v. Haney*, 306 F.3d 268, 275 (5th Cir. 2002). Defendants assert that an assistant prosecutor occupies a political, policymaking position and therefore lacks protection from patronage employment decisions made when a new individual assumes the prosecutor's office. D.E. 4, p. 1.

**Texas Statutory Definitions**. Texas law defines the duties of the employer, the district attorney, as follows:

> Each district attorney shall represent the State in all criminal cases in the district courts of his district and in appeals therefrom, except in cases where he has been, before his election, employed adversely. When any criminal proceeding is had before an examining court in his district or before a judge upon habeas corpus, and he is notified of the same, and is at the time within his district, he shall represent the State therein, unless prevented by other official duties. It shall be the primary duty of all prosecuting attorneys, including any special prosecutors, not to convict, but to see that justice is done. They shall not suppress facts or secrete witnesses capable of establishing the innocence of the accused.

Tex. Code Crim. P. art. 2.01. "An assistant prosecuting attorney may perform all duties imposed by law on the prosecuting attorney." Tex. Gov't Code § 41.103. And "All personnel of a prosecuting attorney's office are subject to removal at the will of the prosecuting attorney." Tex. Gov't Code § 41.105. As a matter of black-letter law, Britt is in a position of policymaking on behalf of the District Attorney, Granberry.

**Authority Addressing Attorneys**.  Britt has not supplied the Court with any case that finds that a criminal prosecutor does not occupy a policymaking position and is thus protected by the First Amendment.  To the contrary, Defendants have presented the Court with authority that courts unanimously hold that assistant prosecutors are policymakers.  *See Aucoin*, 306 F.3d at 275 (citing cases); *Borzilleri v. Mosby*, 874 F.3d 187, 189 (4th Cir. 2017) (collecting cases).

Britt complains that *Borzilleri* is a Fourth Circuit case and that *Aucoin*, while a Fifth Circuit case, applies Louisiana law.  But the rationale for the cases holds true under Texas law, as set out above and as found in *Cudd v. Aldrich*, 982 F. Supp. 463, 468 (S.D. Tex. 1997).  In *Cudd*, our sister court noted that the political nature of the assistant district attorney is a question of law.  And its opinion rejected the plaintiff's attempt to create a fact question to dispute the level of policymaking authority conferred on her by denigrating the nature of her actual daily activities.  Here, Britt has not only failed to plead any facts that would raise such a question, she affirmatively represents that she has performed her duties as an assistant prosecutor at the highest level—eliminating any question regarding the nature of her work.

The role of an assistant prosecutor is undeniably one of policymaking, as addressed in political patronage cases.

> Assistant prosecutors make discretionary decisions of real consequence. They oversee investigations, prosecute crimes, and negotiate plea deals. As the Supreme Court explained in *Branti,* prosecutors have "broader public responsibilities" beyond the mere representation of individual citizens. They represent and safeguard the public at large. These

> responsibilities are laden with ideological content. How much of a prosecutor's limited resources should go toward a particular category of crime? Does one type of plea deal call for leniency or severity? Questions like these are debated in prosecutorial campaigns across the country. That is to say, there is much "room for political disagreement," in carrying out prosecutorial priorities.

*Borzilleri*, 874 F.3d at 191 (citations omitted).

The *Cudd* court wrote similarly in addressing Texas law.

> In sum, the position of assistant district attorney requires a close working relationship with the district attorney, an elected official who must answer to the constituents of the county. It is a job requiring judgment, integrity, intelligence, and wisdom. When the district attorney has no confidence in the loyalty of his assistant district attorneys, who possess the same inherent policymaking authority as he does, it can cause manifest discord, prosecutorial disparity, and confusion. Such discord and confusion can thwart the programs and policies of the elected district attorney, and jeopardize his public status.

*Cudd*, 982 F. Supp. at 468. To hold otherwise would undermine the public mandate bestowed by political office and "would needlessly interfere with a state official's managerial prerogative." *Borzilleri*, 874 F.3d at 189.

### C. Demotion versus Dismissal

Britt seeks to distinguish her case because (a) she was not dismissed, but demoted, and (b) she had announced her candidacy long before Granberry took office, declared his own candidacy, and took employment action against her—calling into question any rationale based on ridding the office of disloyal staff. This argument fails. Granberry took action quickly to reduce her role once he was appointed to the office of district attorney, regardless of when she, or he, announced candidacy in the election.

The argument that she remains in the office and still represents a risk of disloyalty is not compelling. According to the face of her complaint, she was stripped of her power as Chief of Intake and she was reduced to handling only misdemeanor cases. These actions significantly cabin the scope of her influence. Nothing in the caselaw suggests that patronage cases require full termination of the employee. Rather, patronage cases give the district attorney the discretion to operate the office as he sees fit.

### D. Leave to Amend

Britt included in her response a request for leave to amend if her pleading is found insufficient. D.E. 12, p. 8. A court need not grant a motion for leave to amend where the movant fails to specify what amendment is desired and how it would cure its pleading defects. *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003). When seeking to amend, the movant must set forth "with particularity the grounds for the amendment and the relief sought." *Id*. A "bare request in an opposition in a motion to dismiss" absent any particular grounds is inadequate. *Id*.

Moreover, leave to amend is improper when such an amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). As the *Cudd* opinion makes clear, Britt's exemption from First Amendment protection of her employment is a matter of law and no factual allegations will change the statutory policymaking nature of an assistant district attorney's position. The Court **DENIES** Britt's motion for leave to amend.

## CONCLUSION

For the reasons set out above, the Court **GRANTS IN PART** Defendants' motion to dismiss (D.E. 4) and **DISMISSES WITH PREJUDICE** Britt's claim that she was improperly subjected to a patronage demotion. The Court **DENIES IN PART AS MOOT** Defendants' motion to dismiss (D.E. 4) insofar as it advances the qualified immunity defense. Britt's request for leave to amend (D.E. 12) is **DENIED**. Consistent with prior proceedings in this case, the Court will enter final judgment providing that this judgment is without prejudice as to any claim Britt may seek to prosecute on any other basis.

**ORDERED** on January 30, 2024.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE